COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-08-401-CR

JUAN CARLOS FLORES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

After Appellant Juan Carlos Flores pled guilty pursuant to a plea bargain to burglary of a habitation, the trial court placed him on five years’ deferred adjudication community supervision and imposed a $500 fine.  Less than a year later, the State filed a petition to proceed to adjudication and amended it about six months later.  Appellant entered an open plea of “true-but” to the State’s allegations in the petition that he had violated the conditions of his community supervision by using marijuana and by failing to complete counseling and “not true” to the allegation that he had committed a new offense.  The trial court found all three allegations true, adjudicated Appellant’s guilt, and sentenced him to five years’ confinement. 

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 2) by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.
(footnote: 3)  
This court afforded Appellant the opportunity to file a brief on his own behalf, but he did not.

Once an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for the appellant to see if there is any arguable ground that may be raised on his behalf.
(footnote: 4)  
Only then may we grant counsel’s motion to withdraw.
(footnote: 5) 

We have carefully reviewed the record and counsel’s brief.  We agree with counsel that the appeal is wholly frivolous and without merit.  We find nothing in the record that might arguably support the appeal.
(footnote: 6) 
 Consequently, we grant the motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL:  DAUPHINOT, J.; CAYCE, C.J.; and MEIER, J.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  June 18, 2009

FOOTNOTES
1:
See
 Tex. R. App. P. 47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967). 

3:
See Mays v. State
, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.)
.  

4:
Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays
, 904 S.W.2d at 923.  

5:
See Penson v. Ohio
, 488 U.S. 75, 83–84, 109 S. Ct. 346, 351–52 (1988).
  

6:
See Bledsoe v. State
, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).